HENRY M. WHITE vs. CHARLES B. DOUGHERTY, Executor of
   THOMAS McHUGH, deceased.

*Assumpsit Against Executor—Personal Services Rendered Decedent
   —Transaction With Decedent—Incompetency of Plaintiff as
   Witness—Scope of Cross Examination—Notes From
   Plaintiff to Decedent During Period of Services, Not
   Admissible—Basis of Recovery.*

1.   In an action of assumpsit against an executor to recover on
implied promise for services rendered decedent, question asked of plain-
tiff, were you employed by T. M. from date mentioned to his death?, was
objected to and rejected as tending to show a transaction with the de-
ceased.

2.   Cross examination must be confined to answers on direct ex-
amination.

3.   In an action of assumpsit on implied promise against executor,
he claiming no services had been rendered to decedent for which he should
pay, two notes executed by plaintiff to decedent, during the time of the
alleged services, the second note being given two months before death of
testate, and which so far as appears are evidence of a separate and distinct
transaction between plaintiff and decedent,—are not admissible either
as declarations of plaintiff against interest, or as showing the attitude
of decedent towards services of plaintiff at time of delivery of notes.

4.   When a person performs personal services for another, in the
absence of an express agreement to pay therefor, the law raises an implied
promise to pay for same, unless the services were rendered gratuitously
as a matter of favor or friendship.

5.   In an action on an implied promise, the plaintiff, if entitled to a
recovery, would be entitled to recover a fair and reasonable compensation
for the services rendered, not exceeding the sum demanded.

                        (*May* 19, 1910.)

Judges CONRAD and HASTINGS sitting.

*J. Frank Ball* for plaintiff.

*Charles F. Curley* for defendant.

Superior Court, New Castle County, May Term, 1910.

ACTION OF ASSUMPSIT (No. 119, May Term, 1907), to recover for work and labor done and services rendered and performed to Thomas McHugh during his lifetime; the total claim of the plaintiff being for 897 days at one dollar per day, or $897, with interest from December 14th, 1906.

The pleas were non-assumpsit, payment, statute of limitations and set-off.

Writ of Error sued out of the Supreme Court by defendant.

Verdict and judgment for plaintiff.

(See decision of Supreme Court, 2 *Boyce*.)

After testifying that he was the plaintiff and was not related in any way to Thomas McHugh, the plaintiff was asked by his counsel,—"Were you employed by Thomas McHugh from June 15th, 1904, up to his death, December 13th, 1906?"

Counsel for defendant—waiving any objection as to the form —objected to the question, as involving a transaction between the plaintiff and the deceased, which was not permissible under the statute.

*Lodge vs. Frame*, 5 *Penn*. 352.

CONRAD, J.:—We sustain the objection, on the ground that the answer to the question would tend to show a transaction with the deceased.

Counsel for defendant handed plaintiff a paper purporting to bear his signature, and asked him whether the signature appearing thereon was his signature. This was objected to by counsel for plaintiff, as not properly in cross examination; but admissible in defense, if at all.

CONRAD, J.:—The Court is of opinion that it is not admissible now. There were only two questions that the plaintiff was allowed to answer on direct examination, and the cross examination must be confined entirely to his answers to those questions. No other matter can be introduced by the defendant now. We sustain the objection.

After the plaintiff had rested, counsel for defendant, after

proving the execution and delivery of two notes by the plaintiff to the deceased, bearing date December 7th, 1905, and October 15th, 1906, respectively, offered the notes in evidence, which were objected to on the grounds, (1) that they were not admissible under the plea of payment, citing 1 *Woolley on Delaware Practice, Sec.* 490; (2) that they were not admissible under any other plea in the case as showing that she deceased did not owe the plaintiff anything but only under a special plea. The purpose of this offer is to raise a presumption that there was no liability on the part of the deceased, to the plaintiff for the services which are the basis of this action at the time the notes were given, and that under the decisions of this Court, *Lodge vs. Ainscow,* 1 *Pennewill,* 327; and *Jones vs. Reese,* 2 *Houst.* 223, such evidence could only be admitted under a special plea.

Counsel for defendant contended, *first,* that the evidence was sought to be introduced merely for the purpose of showing a declaration by the plaintiff againts interest; and *second* as showing the view point of the decedent towards the alleged claim of the plaintiff.

CONRAD, J., delivering the opinion of the Court:

Two notes have been offered in evidence bearing date December seventh, 1905, and October fifteenth, 1906, made and delivered by the plaintiff to the deceased. The issue in this case is whether the plaintiff performed certain services for Thomas McHugh, during the period extending from June 1904 to December 1906, the time of his death, for which the estate of the deceased is liable. The plaintiff relies upon an implied contract. The defendant contends that no services were performed by the plaintiff for which the defendant is bound to pay. These notes are not offered for the purpose of showing a settlement between the parties, and could not be offered for that purpose at least in the present state of the pleadings. The defendant contends, however, that they show a declaration against the interest of the plaintiff. If they show or tend to show that the plaintiff did not perform the service for which he is suing or that payment for any service rendered by plaintiff had been paid they are material,

but we do not think they in any way show either of these facts.

The notes so far as appears at this time are evidence of a separate and distinct transaction between the plaintiff and defendant and throw no light upon the issues in this case.

The Court refuses to admit the notes in evidence.

CONRAD, J., charging the jury:

Gentlemen of the jury:—The plaintiff Henry M. White claims from Charles B. Dougherty, Executor of Thomas McHugh deceased, the defendant, the sum of $897, with interest from December 14th, 1906, being at the rate of one dollar per day, for services rendered to Thomas McHugh in his lifetime in taking care of, cooking for, washing for and in acting as a companion and an assistant to the said Thomas McHugh. You have heard the evidence as produced from the witness box, and you are ac-. quainted both with what the plaintiff has proven in the matter of services rendered, and of the contention of the defendant, in the way of defense.

Of the facts in the case you are the sole judges, When one person performs personal labor and services for another, in the absence of any specific or express bargain or agreement for the payment of the same, the law raises an implied promise on the part of the person receiving such services to pay for the same. There is however no such implied promise to pay for services rendered gratuitously that is, services rendered as a matter of favor or friendship or without expectation of return or reward.

In this case the plaintiff relies upon an implied contract, there having been no express promise or understanding proven between the parties that the services would be paid for, neither has any definite price been shown as agreed upon, therefore the plaintiff, if entitled to recover, would be entitled to recover a fair and reasonable compensation for the services rendered, not however, in excess of the sum demanded, viz.: one dollar per day. You are to determine whether any services were rendered the deceased by the plaintiff, and if any, the character and value of those services.

Verdict for plaintiff for $800.